UNITED STATES, Appellee

v.

LESTER S. GORDON, Sergeant, U. S. Army, Appellant

5 USCMA 276, 17 CMR 276

No. 4429

Decided December 17, 1954

LT COL James C. Hamilton, U. S. Army, CAPT Glade F. Flake, U. S. Army, and 1ST LT Jack W. Tucker, U. S. Army, for Appellant.

LT COL Thomas J. Newton, U. S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Ezra B. Jones, Jr., U. S. Army, for Appellee.

## Opinion of the Court

PER CURIAM:

Following his plea of guilty, the accused was found guilty of stealing various items of Government property, in violation of the Uniform Code of Military Justice, Article 121, 50 USC § 715. He was sentenced to receive a dishonorable discharge, together with total forfeitures and confinement at hard labor for one year. The convening authority approved the sentence, although he suspended the punitive discharge. A board of review in the office of The Judge Advocate General, United States Army, has affirmed the approved findings and sentence. We granted review to determine whether the convening authority had become an accuser through the forwarding over his command line of an indorsement containing certain advice to trial counsel.

In United States v. Haimson, 5 USCMA 208, 17 CMR 208, and United States v. Blau, 5 USCMA 232, 17 CMR 232, we rejected similar defense contentions. Here, as there, the convening authority was the Commanding General, Headquarters, United States Army in Europe. The challenged indorsement simply represented a "standing operating procedure" used by this and similar officials. Indeed, the "instructions" to the present trial counsel bear numerous verbal likenesses to those considered by us in Blau and Haimson, supra.

The paper in question contained language which was exceedingly general, save as it summarized the prospective testimony of witnesses. This summary, we discover from allied papers bound with the record of trial, was based on reports of the Criminal Investigation Division and on those of the subsequent Article 32 investigator. From any standpoint "the indorsement contains nothing which suggests that the convening authority, or the members of his staff, had in any way predetermined the issue of the accused's guilt or innocence, nor does anything appear which reflects a personal interest on the part of the convening authority in the outcome of the impending trial." See United States v. Blau, supra. Accordingly, the convening authority cannot be deemed an accuser. Similar reasoning negates a defense suggestion that the instant record of trial could not properly be reviewed by persons who had prepared the "instructions" for the trial counsel. See United States v. Haimson, supra.

The accused has also presented a petition for new trial. His statements in support of this petition—apart from their palpable want of substance—are fully refuted by affidavits filed by the Government. Accordingly, this petition is also denied, and the decision of the board of review is affirmed.